IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LENORE F. MILLER,
STUART APPELBAUM,
JOHN WHITAKER,
JACK WURM, JR.,
DONALD R. HOPKINS,
MARSUE LANCASTER,
MICHAEL ADAMS, and
DAVID ARMSTRONG,

      Plaintiffs,

  v.                                                 CIVIL NO. 1:20-CV-111
                                                              (KLEEH)

ALECTO HEALTHCARE SERVICES
FAIRMONT, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

Pending before the Court is Plaintiffs' motion for summary judgment. For the reasons discussed here, the Court **GRANTS** the motion.

      **I.**      **INTRODUCTION AND PROCEDURAL HISTORY**

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs are the Trustees and Fiduciaries ("Trustees") of the Retail, Wholesale and Department Store International Union and Industry Pension Fund (the "Pension Fund") and the Retail, Wholesale and Department Store International Union and Industry Health and Benefit Fund ("Benefit Fund") (together, the "Funds," and collectively with the Trustees,

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

"Plaintiffs"). Plaintiffs bring this action against Defendant Alecto Healthcare Services Fairmont, LLC ("Defendant").

Plaintiffs assert two causes of action relating to (I) payments due under a settlement agreement, and (II) unpaid contributions and interest. In the Complaint, Plaintiffs ask the Court to order Defendant to pay pension and health and benefit contributions owed to the Funds pursuant to a settlement agreement dated July 22, 2019 (the "Settlement Agreement"); damages due to the Funds resulting from Defendant's default; contributions owed from January 1, 2020, through March 31, 2020; statutory damages, including interest; the greater of additional interest or liquidated damages; and reasonable attorney's fees and costs. See Compl., ECF No. 1, at ¶ 1.

Defendant has been a party to and bound by collective bargaining agreements with the Union covering at least November 2017 through March 2020. Id. ¶ 9. Under the collective bargaining agreements, Defendant was bound to Article IX.1 of the Pension Fund Trust Agreement and Article IX.1 of the Benefit Fund Trust Agreement, which obligated Defendant to make contributions to the Funds on behalf of covered employees. Id. ¶ 10.

## II.   UNDISPUTED FACTS

On July 23, 2019, the Funds and Defendant entered into the Settlement Agreement, which required Defendant to pay previously-

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

unpaid contributions due for the period of January 1, 2018, through May 31, 2019, as well as unpaid interest on late payments. See Motion, Exh. 14, ECF No. 24-14; see also Exh. 8, ECF No. 24-8 at ¶ 6. The Settlement Agreement provides, in relevant part, as follows:

- "[F]or the period of February 1, 2019 through May 31, 2019, the Company owes $98,449.89 in contributions to the Pension Fund, interest at 18% per annum on the delinquent contributions, as well as $5,077.59 in interest on late payments to the Pension Fund dating from November 2017 through January 2018." Exh. 14, ECF No. 24-14, at 1.

- "[F]or the period of January 1, 2018 through May 31, 2019, the Company owes $841,997.01 in contributions and interest at 18% per annum to the Benefit Fund as well as $20,468.32 in interest on late payments to the Benefit Fund dating from November 2017 through January 2018." Id.

- "[T]he total due to both Funds is $965,992.81 before application of the 18% interest rate on the delinquent contributions that are still unpaid." Id.

- Defendant "shall pay to the Pension Fund the amount of $98,449.89 in contributions, $9,015.60 in interest (calculated at 9% for purposes of this settlement), and $5,077.59 in interest on late payments for a total of $112,543.08 and to the Benefit Fund the amount of $841,997.01 in contributions, $60,884.23 in interest (calculated at 9% for purposes of this settlement), and $20,468.32 in interest in late payments for a total of $923,349.56. The Company agrees to pay the sum of the amounts above (the 'Settlement Amount'), which

represents the amounts due to the Pension Fund and Benefit Fund with interest calculated at 9% solely for the purposes of settlement of this matter, in eight (8) monthly installments of $112.860.16 to the Benefit Fund and $13,433.19 to the Pension Fund commencing on July 26, 2019, with 9% interest due on the declining balance, with all subsequent payments due on the first day of each month. The Company also agrees to remain current on all contributions due to the Funds while paying the amounts due under this Agreement." Id. ¶ 1.

- Defendant "shall have defaulted and will be in violation of this Agreement" in the event of the "failure of the Company to make any of the payments set forth above so as to be received by the Trustees by 5:00 P.M. on the day of the month in which the payment is due[.]" Id. ¶ 3.A.

- In the event of Defendant's default, Defendant "shall pay the Funds $965,992.81, which is the total of the contributions and interest on late payments due as well, as any contributions that are subsequently due to the Funds but are not paid, less any monies already paid pursuant to this Agreement, plus interest at the rate of eighteen percent (18%) per annum and liquidated damages in the amount payable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and the attorneys' fees and costs incurred by the Funds in this matter[.]" Id. ¶ 4.A.

- In the event of Defendant's default, "[a]ny reduction of the interest rate applicable to the Company in this Agreement is immediately null and void and the Funds may seek all available legal remedies, including, but not limited to, interest at the rate of 18% per annum, liquidated damages, attorneys' fees and costs, as provided under ERISA[.]" Id. ¶ 4.B.

Case 1:20-cv-00111-TSK   Document 37   Filed 03/29/22   Page 5 of 13   PageID #: 465

MILLER V. ALECTO                                                1:20-CV-111
**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 24]**

- Defendant "waives any and all defenses that it may have to the payment of its obligations to the Funds as set forth in this Agreement." Id. ¶ 7.

Defendant made seven (7) of the eight (8) payments required under the Settlement Agreement but failed to make the eighth payment of $13,433.19 to the Pension Fund and $112,860.16 to the Benefit Fund, and Defendant still has not done so. See Motion, Exh. 6, ECF No. 24-6, at ¶ 18. By failing to make the eighth payment, Defendant defaulted and is in violation of the Settlement Agreement. See Motion, Exh. 14, ECF No. 24-14, at ¶ 3. The additional nine percent (9%) interest due under the default provisions of the Settlement Agreement totals $9,015.60 due to the Pension Fund and $60,884.23 due to the Benefit Fund. See Motion, Exh. 8, ECF No. 24-8, at ¶ 8. Additional interest equal to the eighteen percent (18%) interest due under the default provisions of the Settlement Agreement total $18,031.20 due to the Pension Fund and $121,768.46 due to the Benefit Fund, amounts that are greater than the alternative of the twenty percent (20%) liquidated damages. See id. ¶ 9.

Defendant also has not paid contributions to the Pension Fund and to the Benefit Fund for the period of January 2020 through March 2020. See id. ¶ 10. The 2017 to 2019 collective bargaining agreement ("2017-2019 CBA") between Defendant and the Union

required Defendant to make payments to the Pension Fund and Benefit Fund on behalf of its employees at the Fairmont Regional Medical Center.  See Motion, Exh. 12, ECF No. 24-12; Exh. 13, ECF No. 24-13.  Defendant entered into a memorandum of agreement ("2019 MOA") that provided that the 2017-2019 CBA would "continue in full force and effect" up to June 30, 2020, until the parties negotiated a new collective bargaining agreement.  See Motion, Exh. 11, ECF No. 24-11.

Based on the most recent employee information received from Defendant, the Funds calculated that Defendant owes $474,753.99 to the Benefit Fund and $60,395.85 to the Pension Fund for its delinquent contributions for the period of January 1, 2020, through March 31, 2020.  See Motion, Exh. 8, ECF No. 24-8, at ¶ 11; Exh. 15, ECF No. 24-15.  The Trust Agreements governing the Funds provide for interest on delinquent contributions at the rate of one-and-a-half percent (1.5%) per month.  See Motion, Exh. 9, ECF No. 24-9; Exh. 10, ECF No. 24-10.  The interest due on the January 1, 2020 through March 31, 2020 delinquent contributions, calculated at the monthly rate of one-and-a-half percent (1.5%) through April 2021, totals $99,698.34 due to the Benefit Fund and $12,657.55 due to the Pension Fund.  See Motion, Exh. 8, ECF No. 24-8, at ¶ 12.  The employees on behalf of whom these payments were due by Defendant remained enrolled in the Funds through March

2020. See id. ¶ 13. In an April 10, 2020 email, Mark Bradshaw, vice president and corporate counsel for Alecto Healthcare Services, acknowledged that Defendant owed the Funds an estimated $519,236.84 in contributions for the months of January 2020 through March 2020. See Exh. 5, ECF No. 24-5.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

### IV. DISCUSSION

Plaintiffs argue that they are entitled to summary judgment because Defendant (1) defaulted on the Settlement Agreement and

(2) failed to pay the January 2020 to March 2020 contributions due under the collective bargaining agreement. Plaintiffs also argue that they are entitled to summary judgment with respect to damages, including statutory damages under ERISA. In response, Defendant argues only that Plaintiffs request for attorney's fees, to the extent that it exists, is premature. In reply, Plaintiffs argue that attorney's fees are mandatory.

    **A.**    **Plaintiffs are entitled to summary judgment with respect to Defendant's default on its Settlement Agreement obligations.**

It is undisputed that in the Settlement Agreement, Defendant agreed to make eight (8) payments to the Fund. The Settlement Agreement clearly states that if Defendant would fail to make any of these payments, Defendant would be in default and subject to liability as provided in the Settlement Agreement. Defendant failed to make its eighth payment. Defendant neither disputes this fact nor contests its liability with respect to Count One. Therefore, Plaintiffs are entitled to summary judgment with respect to Count One.

Plaintiffs are entitled to (1) Defendant's final payments of $112,860.16 to the Benefit Fund and $13,433.19 to the Pension Fund; (2) the remaining half of the 18% interest on the total delinquency that Plaintiffs agreed to forego in exchange for Defendant making its agreed-upon payments under the Settlement Agreement but which

became due and owing as a result of Defendant's default, totaling $60,884.23 in interest to the Benefit Fund and $9,015.60 in interest to the Pension Fund; (3) additional interest at the rate of 18% per annum, which totals $18,031.20 to the Pension Fund; (4) $121,768.46 owed to the Benefit Fund on the original unpaid contributions (these amounts exceed ERISA's alternative liquidated damages calculation of 20% of the total delinquency); and (5) all costs and disbursements, including, as discussed below, attorney's fees.

> **B.  Plaintiffs are entitled to summary judgment with respect to the contributions Defendant failed to make on behalf of its employees from January 2020 to March 2020.**

"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; see also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 445 (4th Cir. 2015) ("Under ERISA, an employer that is contractually obligated to make contributions to a retirement fund must do so in accordance with the operative collective bargaining agreement."). ERISA creates a federal cause of action for the enforcement of these obligations. See Plumbing Servs., 792 F.3d at 445.

Here, Defendant was a party to a collective bargaining agreement from January 2020 to March 2020. Defendant did not make any payments to the Funds on behalf of its employees from January 2020 to March 2020. Defendant neither disputes these facts nor contests its liability with respect to Count Two. Therefore, Plaintiffs are entitled to summary judgment with respect to Count Two.

Defendant is liable for (1) $474,753.99 in unpaid contributions to the Benefit Fund and $60,395.85 to the Pension Fund, calculated based on the collective bargaining agreement and the most recent employment information that Defendant provided to the Funds; (2) interest on all delinquent contributions at the rate of 1.5% per month, equivalent to 18% per annum, which amounts to $99,698.34 due to the Benefit Fund and $12,657.55 due to the Pension Fund through April 2021, plus any other interest that accrues thereafter; (3) additional interest in the amount of $99,698.34 to the Benefit Fund and $12,657.55 to the Pension Fund through April 2021, plus any other interest that accrues thereafter, because these amounts exceed ERISA's alternative liquidated damages calculation of 20% of the total amounts of the delinquencies for this period; and (4) all costs and disbursements, including, but not limited to, reasonable attorney's fees.

### C.  Plaintiffs are entitled to reasonable attorney's fees because they are mandatory under 29 U.S.C. § 1132(g)(2).

Under 29 U.S.C. § 1132(g)(2)(D), "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which judgment in favor of the plan is awarded, the court shall award . . . reasonable attorney's fees and costs of the action, to be paid by the defendant[.]"  The United States Court of Appeals for the Second Circuit has recognized the mandatory nature of attorney's fees under 29 U.S.C. § 1132(g)(2).  See N.Y. State Teamsters Conf. Pension & Ret. Fund v. Boening Bros., Inc., 92 F.3d 127, 135 (2d Cir. 1996) ("As is apparent from the statutory text, an award of attorney fees and costs is discretionary under subsection (1), and mandatory under subsection (2), of section 1132(g).").  This action was brought to enforce 29 U.S.C. § 1145, and judgment in favor of the plan has been awarded.  As such, Plaintiffs are correct that reasonable attorney's fees are mandatory in this case.

### V.   CONCLUSION

For the reasons discussed above, Plaintiffs are entitled to judgment as a matter of law.  Plaintiffs' motion for summary judgment is **GRANTED** [ECF No. 24].  With respect to Count One, Defendant is liable for the following:

- Final payments of $112,860.16 to the Benefit Fund and $13,433.19 to the Pension Fund;

- The remaining half of the 18% interest on the total delinquency that Plaintiffs agreed to forego in exchange for Defendant making its agreed-upon payments under the Settlement Agreement but which became due and owing as a result of Defendant's default, totaling $60,884.23 in interest to the Benefit Fund and $9,015.60 in interest to the Pension Fund;

- Additional interest at the rate of 18% per annum, which totals $18,031.20 to the Pension Fund;

- $121,768.46 owed to the Benefit Fund on the original unpaid contributions (these amounts exceed ERISA's alternative liquidated damages calculation of 20% of the total delinquency); and

- All costs and disbursements, including attorney's fees.

With respect to Count Two, Defendant is liable for the following:

- $474,753.99 in unpaid contributions to the Benefit Fund and $60,395.85 to the Pension Fund, calculated based on the collective bargaining agreement and the most recent employment information that Defendant provided to the Funds;

- Interest on all delinquent contributions at the rate of 1.5% per month, equivalent to 18% per annum, which amounts to $99,698.34 due to the Benefit Fund and $12,657.55 due to the Pension Fund through April 2021, plus any other interest that accrues thereafter;

- Additional interest in the amount of $99,698.34 to the Benefit Fund and $12,657.55 to the Pension Fund through April 2021, plus any other interest that accrues thereafter, because these amounts exceed ERISA's alternative liquidated damages

calculation of 20% of the total amounts of the delinquencies for this period; and

- All costs and disbursements, including, but not limited to, reasonable attorney's fees.

This action is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record and to enter a separate judgment order.

DATED: March 29, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA